## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

BENJAMIN LUGO,                                    Case No.: 3:20-bk-01428-JAF

           Debtor.                      Chapter 7

_____/

ROBERT ALTMAN, as Chapter 7 Trustee,

        Plaintiff,                           Adv. Proc. No.

v.

BENJAMIN LUGO, SENORINA LUGO, and
ADAN LUGO,

        Defendants.

_____/

### COMPLAINT FOR (I) DENIAL OF DEBTOR'S DISCHARGE PURSUANT TO 11 U.S.C. § 727 AND (II) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS

Plaintiff, Robert Altman, as Chapter 7 Trustee ("Plaintiff" or "Trustee"), by and through undersigned counsel, sues Defendants, Benjamin Lugo ("Benjamin" or "Debtor") for (i) denial of Defendant's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(3), (a)(4)(A), (a)(4)(D), and (a)(5), and (ii) avoidance and recovery of certain fraudulent transfers with respect to the Debtor, Senorina Lugo ("Senorina"), and Adan Lugo ("Adan"), and in support thereof says:

### I.      JURISDICTION AND VENUE

1.     The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

2.     This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (F), (H) and (O).

3.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  This is a complaint for (i) denial of the Debtor's discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), (a)(3), (a)(4)(A), (a)(4)(D), and (a)(5) and (ii) avoidance and recovery of certain fraudulent transfers pursuant to 11 U.S.C. §§ 544, 548, and 550 and Fla. Stat. §§ 726.105, 726.108, and 726.109.

## II.  BANKRUPTCY CASE BACKGROUND

5.  On April 30, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") (Doc. 1) under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re Benjamin Lugo*, Case No: 3:20-bk-01428-JAF (the "Bankruptcy Case").

6.  On May 1, 2020, the Trustee was appointed Chapter 7 Trustee in the Bankruptcy Case.

7.  In response to Question 18 on the Debtor's Statement of Financial Affairs (the "SOFA"), the Debtor indicated he had not, within 2 years before he filed for bankruptcy, sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of business or financial affairs.

8.  The Debtor signed the Petition under oath.

9.  On July 13, 2020, the Trustee filed an Objection to the Debtor's Claims of Exemptions (the "Objection to Exemptions") (Doc. 8) and a Motion for Turnover of Property of the Estate (the "Turnover Motion") (Doc. 9).

10.  On August 2, 2020, the Debtor filed a Response (Doc. 13) to the Objection to Exemptions.

11.  Senorina is the Debtor's sister.

12.     Adan is the Debtor's brother.

### III.     PRE-PETITION TRANSFER ISSUES

13.     On July 12, 2019, the Debtor transferred his interests in certain vacant real property located at Tract 12, Lake Como Park Estates, Putnam County, Florida (the "Putnam County Property") to Senorina by Quit Claim Deed recorded on August 20, 2019 in the Public Records of Putnam County, Florida, commencing at Official Records Book 1551, Page 1988 (the "Putnam County Property Transfer").

14.     At all times relevant to the allegations in this Complaint, Senorina has been an insider of the Debtor as that term is defined by Section 101(31) of the Bankruptcy Code.

15.     The Debtor has refused to provide the Trustee with any documents with respect to the Putnam County Property Transfer.

16.     Prior to the Petition Date, on January 24, 2020, the Debtor transferred title to a 2000 Ford truck (VIN 1FTSW31S1YED75161) from his name to Adan's name (the "Truck Transfer").

17.     The Debtor made the Truck Transfer within one (1) year of the Petition Date.

18.     The Debtor failed to disclose the Truck Transfer on the Petition.

19.     At all times relevant to the allegations in this Complaint, Adan has been an insider of the Debtor as that term is defined by Section 101(31) of the Bankruptcy Code.

### IV.     DEBTOR'S FAILURE TO FILE TRUE AND ACCURATE PETITION

20.     The Debtor failed to accurately disclose the Putnam County Property Transfer and the Truck Transfer on the Statement of Financial Affairs.

21.     The Debtor signed the Petition under oath and penalty of perjury.

55148438;1

## V.    DEBTOR'S REFUSALS TO COOPERATE WITH TRUSTEE

22.    The Debtor refused to provide the Trustee any documents with respect to the Putnam County Property Transfer and the Truck Transfer.

23.    The Trustee has retained the undersigned attorneys to represent the bankruptcy estate's interests in this proceeding and is obligated to pay them a reasonable fee for their services.

24.    All conditions precedent to the filing of this action have occurred or have been waived.

## COUNT I
## ACTION FOR DENIAL OF DEBTOR'S DISCHARGE
## PURSUANT TO 11 U.S.C. § 727(a)(2)(A)

25.    The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

26.    This is action for denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A).

27.    11 U.S.C. § 727(a)(2) provides in relevant part:

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an office of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated or concealed—
> (A) property of the estate, within one year before the date of the filing of the petition;

*See* 11 U.S.C. § 727(a)(2)(A).

28.    The Debtor, with intent to hinder, delay, or defraud an officer of the estate charged with custody of property under this title, to wit, the Trustee, has transferred, removed, destroyed, mutilated, or concealed certain personal property.

29.    That certain personal property is property of the estate and was property of the estate within one year of the filing of the petition.

4

55148438;1

30.     The Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(2)(A).

WHEREFORE, Plaintiff, Robert Altman, Chapter 7 Trustee, respectfully requests the Court enter a final judgment in his favor and against the Defendant, Benjamin Lugo, denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(2)(A), and granting such other and further relief as the Court deems just and proper.

## COUNT II
## ACTION FOR DENIAL OF DEBTOR'S DISCHARGE
## PURSUANT TO 11 U.S.C. § 727(a)(3)

31.     The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

32.     This is action for denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3).

33.     11 U.S.C. § 727(a)(4) provides in relevant part:

> (3)   the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case;

*See* 11 U.S.C. § 727(a)(4)(A).

34.     The Debtor concealed, destroyed, mutilated, falsified, and/or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the Debtor's financial condition or business transactions might be ascertained.

35.     The Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(3).

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a final judgment in his favor and against Defendant, Benjamin Lugo, denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(3), and granting such other and further relief as the Court deems just and proper.

## COUNT III
### ACTION FOR DENIAL OF DEBTOR'S DISCHARGE
### PURSUANT TO 11 U.S.C. § 727(a)(4)(A)

36.     The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

37.     This is action for denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A).

38.     11 U.S.C. § 727(a)(4) provides in relevant part:

> (4) the debtor knowingly and fraudulently, in or in connection with the case—
> (A) made a false oath or account;

*See* 11 U.S.C. § 727(a)(4)(A).

39.     The Debtor knowingly and fraudulently failed to disclose the Putnam County Property Transfer.

40.     The Debtor knowingly and fraudulently failed to disclose the Truck Transfer.

41.     The Debtor made a false oath or account in signing the Petition.

42.     The Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(A).

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a final judgment in his favor and against Defendant, Benjamin Lugo, denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(A), and granting such other and further relief as the Court deems just and proper.

## COUNT IV
### ACTION FOR DENIAL OF DEBTOR'S DISCHARGE
### PURSUANT TO 11 U.S.C. § 727(a)(4)(A)

43.     The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

44.     This is action for denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(D).

45.     11 U.S.C. § 727(a)(4) provides in relevant part:

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(D)  withheld from an officer of the estate entitled to possession under this title, any recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs;

*See* 11 U.S.C. § 727(a)(4)(D).

46.     The Defendant knowingly and fraudulently failed to disclose the Putnam County Property Transfer and the Truck Transfer.

47.     The Debtor discharge should be denied pursuant to 11 U.S.C. § 727(a)(4)(D).

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a final judgment in his favor and against Defendant, Benjamin Lugo, denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(4)(D), and granting such other and further relief as the Court deems just and proper.

## COUNT V
## ACTION FOR DENIAL OF DEBTOR'S DISCHARGE
## PURSUANT TO 11 U.S.C. § 727(a)(5)

48.     The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

49.     This is action for denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(5).

50.     11 U.S.C. § 727(a)(f) provides in relevant part that a debtor shall not be granted a discharge if:

(5)  the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities …[.]

7

*See* 11 U.S.C. § 727(a)(5).

51.     The Debtor has failed to explain satisfactorily a loss of assets or deficiency of assets to meet the Debtor's liabilities.

52.     The Debtor's discharge should be denied pursuant to 11 U.S.C. § 727(a)(5).

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a final judgment in his favor and against Defendant, Benjamin Lugo, denying the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(5), and granting such other and further relief as the Court deems just and proper.

## <u>COUNT VI</u>
## ACTION TO AVOID ACTUAL FRAUDULENT TRANSFERS
## PURSUANT TO 11 U.S.C. § 548(a)(1)(A)

53.     The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

54.     11 U.S.C. § 548(a)(1)(A) provides:

> (a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

> (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted … [.]

*See* 11 U.S.C. § 548(a)(1)(A).

55.     The Debtor made the Putnam County Property Transfer within two (2) years of the Petition Date.

56.     The Putnam County Property Transfer was made with the actual intent to hinder, delay or defraud present and future creditors.

57.     Avoidance of the Putnam County Property Transfer will benefit the Debtor's estate.

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a Final Judgment in favor of the Trustee and against the Defendant, Senorina Lugo, (i) avoiding the Putnam County Property Transfer pursuant to Section 548(a)(1)(A) of the Bankruptcy Code, and (ii) granting such other and further legal and equitable relief as the Court deems just and proper.

**COUNT VII**
**ACTION TO AVOID CONSTRUCTIVE FRAUDULENT TRANSFERS**
**PURSUANT TO 11 U.S.C. § 548(a)(1)(B)**

58.     The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

59.     11 U.S.C. § 548(a)(1)(B) provides:

> (a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

> (B)

> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and

> (ii)

> (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital;

55148438;1

(III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or
(IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

*See* 11 U.S.C. § 548(a)(1)(B).

60.    The Debtor made the Putnam County Property Transfer to Senorina within two (2) years of the Petition Date.

61.    The Debtor received less than reasonably equivalent value from Senorina in exchange for the Putnam County Property Transfer.

62.    As of the date of the Putnam County Property Transfer, the Debtor was insolvent, or the Debtor became insolvent as a result of the Putnam County Property Transfer.

63.    As of the date of the Putnam County Property Transfer, the Debtor was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small capital.

64.    As of the date of the Putnam County Property Transfer, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

65.    As of the date of the Putnam County Property Transfer, a creditor of the Debtor existed that could have avoided the Putnam County Property Transfer.

66.    As of the Petition Date, a creditor of the Debtor existed that could have avoided the Putnam County Property Transfer.

67.    Avoidance of the Putnam County Property Transfer and any other transfer made by the Debtor to Senorina within two (2) years of the Petition Date will benefit the Debtor's estate.

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a Final Judgment in favor of the Trustee and against the Defendant, Senorina Lugo, (i) avoiding the Putnam County Property Transfer and any other transfer made by the Debtor to the Defendant within two (2) years of the Petition Date pursuant to Section 548(a)(1)(B) of the Bankruptcy Code, and (ii) granting such other and further legal and equitable relief as the Court deems just and proper.

## COUNT VIII
## ACTION TO AVOID ACTUAL FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. § 544 AND FLA. STAT. § 726.105(1)(a)

68.    The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

69.    Section 726.105(1)(a), Fla. Stat., provides:

(1)    A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(a)    With actual intent to hinder, delay, or defraud any creditor of the debtor …[.]

*See* § 726.105(1)(a), Fla. Stat.

70.    The Debtor made the Putnam County Property Transfer to Senorina within four (4) years of the Petition Date.

71.    The Debtor made the Putnam County Property Transfer with the actual intent to hinder, delay or defraud present and future creditors.

72.    Avoidance of the Putnam County Property Transfer and any other transfer made by the Debtor to Senorina within four (4) years of the Petition Date will benefit the Debtor's estate.

55148438;1

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a Final Judgment in favor of the Trustee and against the Defendant, Senorina Lugo, (i) avoiding the Truck Transfer and any other transfer made by the Debtor to Senorina within four (4) years of the Petition Date, pursuant to Section 726.105(1)(a), Florida Statutes, and (ii), granting such other and further relief as the Court deems just and proper.

### COUNT IX
### ACTION TO AVOID CONSTRUCTIVE FRAUDULENT TRANSFER OF PROPERTY PURSUANT TO 11 U.S.C. § 544 AND FLA. STAT. § 726.105(1)(b)

73.   The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

74.   Section 726.105(1)(b) provides:

> (1)   A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (b)   Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> 1.   Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> 2.   Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

*See* § 726.105(1)(b), Fla. Stat.

75.   The Debtor made the Putnam County Property Transfer to Senorina within four (4) years of the Petition Date.

76.   The Debtor received less than reasonably equivalent value from Senorina in exchange for the Putnam County Property Transfer.

77.   As of the date of the Putnam County Property Transfer, the Debtor was insolvent, or the Debtor became insolvent as a result of the Putnam County Property Transfer.

78.     As of the date of the Putnam County Property Transfer, the Debtor was engaged in a business or a transaction, or were about to engage in a business or a transaction, for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

79.     As of the date of the Putnam County Property Transfer, the Debtor intended to incur, or believed or should have believed that he would incur, debts beyond his ability to pay as they became due.

80.     As of the date of the Putnam County Property Transfer, a creditor of the Debtor existed that could have avoided the Putnam County Property Transfer.

81.     As of the Petition Date, a creditor of the Debtor existed that could have avoided the Putnam County Property Transfer.

82.     Avoidance of the Putnam County Property Transfer and any other transfer made by the Debtor to Senorina within four (4) years of the Petition Date will benefit the Debtor's estate.

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a Final Judgment in favor of the Trustee and against the Defendant, Senorina Lugo, (i) avoiding the Putnam County Property Transfer pursuant to Section 726.105(1)(b), Florida Statutes, and (ii), granting such other and further relief as the Court deems just and proper.

## COUNT X
## ACTION TO RECOVER PROPERTY TRANSFERRED OR VALUE OF SUCH PROPERTY – 11 U.S.C. § 550 AND/OR FLA. STAT. §§ 726.108 AND 726.109

83.     The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

84.     The Putnam County Property Transfer to Senorina and any other transfer made by the Debtor to Senorina within four (4) years of the Petition Date should be avoided as alleged herein.

55148438;1

85.     The Trustee may recover the value of such property from Senorina under § 550 of the Bankruptcy Code and Fla. Stat. §§ 726.108 and 726.109.

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a Final Judgment in favor of the Trustee and against the Defendant, Senorina Lugo, (i) avoiding the Putnam County Property Transfer and any other transfer made by the Debtor to Senorina within four (4) years of the Petition Date; (ii) allowing the Trustee to recover the value of the property transferred; and (iii) granting such other and further relief as the Court deems just and proper.

## COUNT XI
### ACTION TO AVOID ACTUAL FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(A)

86.     The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

87.     11 U.S.C. § 548(a)(1)(A) provides:

(a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—

 (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted … [.]

*See* 11 U.S.C. § 548(a)(1)(A).

88.     The Debtor made the Truck Transfer within two (2) years of the Petition Date.

89.     The Truck Transfer was made with the actual intent to hinder, delay or defraud present and future creditors.

90.    Avoidance of the Truck Transfer will benefit the Debtor's estate.

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the

Court enter a Final Judgment in favor of the Trustee and against the Defendant, Adan Lugo, (i)

avoiding the Truck Transfer pursuant to Section 548(a)(1)(A) of the Bankruptcy Code, and (ii)

granting such other and further legal and equitable relief as the Court deems just and proper.

## COUNT XII
### ACTION TO AVOID CONSTRUCTIVE FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. § 548(a)(1)(B)

91.    The allegations contained in Paragraphs 1 through 24 are realleged and

incorporated by reference herein.

92.    11 U.S.C. § 548(a)(1)(B) provides:

> (a) (1) The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (B)
>
> (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (ii)
>
> (I) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation; (II) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with the debtor was an unreasonably small capital; (III) intended to incur, or believed that the debtor would incur, debts that would be beyond the debtor's ability to pay as such debts matured; or (IV) made such transfer to or for the benefit of an insider, or incurred such obligation to or for the benefit of an insider, under an employment contract and not in the ordinary course of business.

*See* 11 U.S.C. § 548(a)(1)(B).

93.     The Debtor made the Truck Transfer to Adan within two (2) years of the Petition Date.

94.     The Debtor received less than reasonably equivalent value from Adan in exchange for the Truck Transfer.

95.     As of the date of the Truck Transfer, the Debtor was insolvent, or the Debtor became insolvent as a result of the Truck Transfer.

96.     As of the date of the Truck Transfer, the Debtor was engaged in a business or a transaction, or was about to engage in a business or transaction, for which any property remaining with the Debtor was an unreasonably small capital.

97.     As of the date of the Truck Transfer, the Debtor intended to incur, or believed that the Debtor would incur, debts that would be beyond the Debtor's ability to pay as such debts matured.

98.     As of the date of the Truck Transfer, a creditor of the Debtor existed that could have avoided the Truck Transfer.

99.     As of the Petition Date, a creditor of the Debtor existed that could have avoided the Truck Transfer.

100.     Avoidance of the Truck Transfer and any other transfer made by the Debtor to Adan within two (2) years of the Petition Date will benefit the Debtor's estate.

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a Final Judgment in favor of the Trustee and against the Defendant, Adan Lugo, (i) avoiding the Truck Transfer and any other transfer made by the Debtor to the Defendant within two (2) years of the Petition Date pursuant to Section 548(a)(1)(B) of the Bankruptcy Code, and (ii) granting such other and further legal and equitable relief as the Court deems just and proper.

55148438;1

## COUNT XIII
## ACTION TO AVOID ACTUAL FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. § 544 AND FLA. STAT. § 726.105(1)(a)

101.    The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

102.    Section 726.105(1)(a), Fla. Stat., provides:

(1)    A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(a)    With actual intent to hinder, delay, or defraud any creditor of the debtor …[.]

*See* § 726.105(1)(a), Fla. Stat.

103.    The Debtor made the Truck Transfer to Adan within four (4) years of the Petition Date.

104.    The Debtor made the Truck Transfer with the actual intent to hinder, delay or defraud present and future creditors.

105.    Avoidance of the Truck Transfer and any other transfer made by the Debtor to Adan within four (4) years of the Petition Date will benefit the Debtor's estate.

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a Final Judgment in favor of the Trustee and against the Defendant, Adan Lugo, (i) avoiding the Truck Transfer and any other transfer made by the Debtor to Adan within four (4) years of the Petition Date, pursuant to Section 726.105(1)(a), Florida Statutes, and (ii), granting such other and further relief as the Court deems just and proper.

55148438;1

## COUNT XIV
## ACTION TO AVOID CONSTRUCTIVE FRAUDULENT TRANSFER OF PROPERTY PURSUANT TO 11 U.S.C. § 544 AND FLA. STAT. § 726.105(1)(b)

106.   The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

107.   Section 726.105(1)(b) provides:

> (1)   A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
> (b)   Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
> 1.   Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
> 2.   Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

See § 726.105(1)(b), Fla. Stat.

108.   The Debtor made the Truck Transfer to Adan within four (4) years of the Petition Date.

109.   The Debtor received less than reasonably equivalent value from Adan in exchange for the Truck Transfer.

110.   As of the date of the Truck Transfer, the Debtor was insolvent, or the Debtor became insolvent as a result of the Truck Transfer.

111.   As of the date of the Truck Transfer, the Debtor was engaged in a business or a transaction, or were about to engage in a business or a transaction, for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction.

112.   As of the date of the Truck Transfer, the Debtor intended to incur, or believed or should have believed that he would incur, debts beyond his ability to pay as they became due.

55148438;1

113. As of the date of the Truck Transfer, a creditor of the Debtor existed that could have avoided the Truck Transfer.

114. As of the Petition Date, a creditor of the Debtor existed that could have avoided the Truck Transfer.

115. Avoidance of the Truck Transfer and any other transfer made by the Debtor to Adan within four (4) years of the Petition Date will benefit the Debtor's estate.

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a Final Judgment in favor of the Trustee and against the Defendant, Adan Lugo, (i) avoiding the Truck Transfer pursuant to Section 726.105(1)(b), Florida Statutes, and (ii), granting such other and further relief as the Court deems just and proper.

## COUNT XV
### ACTION TO RECOVER PROPERTY TRANSFERRED OR VALUE OF SUCH PROPERTY – 11 U.S.C. § 550 AND/OR FLA. STAT. §§ 726.108 AND 726.109

116. The allegations contained in Paragraphs 1 through 24 are realleged and incorporated by reference herein.

117. The Truck Transfer to Adan and any other transfer made by the Debtor to Adan within four (4) years of the Petition Date should be avoided as alleged herein.

118. The Trustee may recover the value of such property from Adan under § 550 of the Bankruptcy Code and Fla. Stat. §§ 726.108 and 726.109.

WHEREFORE, Plaintiff, Robert Altman, as Chapter 7 Trustee, respectfully requests the Court enter a Final Judgment in favor of the Trustee and against the Defendant, Adan Lugo, (i) avoiding the Truck Transfer and any other transfer made by the Debtor to Adan within four (4) years of the Petition Date; (ii) allowing the Trustee to recover the value of the property transferred; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: October 26, 2020                    AKERMAN LLP

                                           By: /s/ Jacob A. Brown
                                               Jacob A. Brown
                                               Florida Bar No.: 0170038
                                               Email: jacob.brown@akerman.com
                                               Katherine C. Fackler
                                               Florida Bar No.: 0068549
                                               Email: katherine.fackler@akerman.com
                                               50 North Laura Street, Suite 3100
                                               Jacksonville, FL  32202
                                               Telephone:  (904) 798-3700
                                               Facsimile:  (904) 798-3730

                                           Attorneys for Plaintiff, Robert Altman, Chapter 7
                                           Trustee

55148438;1